THE PEOPLE OF PUERTO RICO EX REL. FÉLIX LÓPEZ, Petitioner and Appellee, *v.* MODESTO VELÁZQUEZ FLORES, Respondent and Appellant.

No. 8306. Argued December 8, 1943.—Decided December 17, 1943.

*Dubón & Ochoteco, M. Velázquez Flores,* and *Herminio A. Concepción* for appellant. *Cayetano Coll y Cuchí* for relator.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On August 9, 1940, the People of Puerto Rico, at the instance of Félix López, filed in the District Court of Humacao a motion praying that the relator be granted leave to file a petition for the issuance of a writ of *quo warranto* against Modesto Velázquez Flores. Said petition was also filed on August 9, 1940, and it was alleged therein that the respondent was usurping and unlawfully exercising the office of Mayor of the Municipality of Las Piedras. After the writ had been issued and the corresponding hearing set, the respondent filed his answer wherein he alleged that, although he had been appointed Mayor of the Municipality of Las Piedras by the Municipal Assembly of that town, he had "ceased . . . in the exercise of said office by voluntary resignation which he timely presented and which has been accepted." At the request of the relator, the respondent rendered his answer more specific by stating that "he submitted his resignation on August 7, 1940, and that on the same day it was accepted by the Municipal Assembly of Las Piedras, he having immediately relinquished the office on said date . . . to the President of the Municipal Assembly."

The respondent offered in evidence a certificate issued by the Secretary-Auditor of the Municipality of Las Piedras and the same was not admitted by the lower court, which also refused to permit him to testify as to the facts alleged in his answer, such refusal being based (*a*) on the fact that the certificate only mentioned respondent's letter of resignation without transcribing it, nor did it contain a copy of the resolution accepting the resignation, for which reason the certificate was not a true and faithful copy of the minutes; and (*b*) on the ground that the respondent could not testify as to facts which must be stated in writing in the minutes of the municipal assembly. Consequently, the court sustained

the complaint and held that the respondent was "unlawfully holding the office of Mayor . . . and usurping the functions of the same" and ordered his removal, declaring said office vacant and adjudging the respondent to pay the costs and $100 as attorney's fees. From that judgment the respondent has taken the present appeal, in which he urges that the lower court erred in failing to admit the certified copy of the minutes of the municipal assembly, in refusing to permit him to testify, in sustaining the complaint, and in adjudging him to pay costs and attorney's fees.

■■ The certificate offered and excluded reads thus:

"Municipal Government, Office of the Mayor, Las Piedras, P. R.

"MINUTES.—In Las Piedras, P. R., on the 7th day of August 1940, pursuant to call and notice duly made and served, this Hon. Municipal Assembly of Las Piedras met at the town hall, at eight o'clock in the evening. The roll was called and eight out of the nine members of the Assembly answered present.

"There was read a letter from the Hon. Modesto Velázquez Flores, Mayor of this Municipality, tendering his resignation as such Mayor of this Municipality.

"It was resolved to accept, and there was accepted, the said resignation of Mayor Modesto Velázquez, and the latter forthwith relinquished the office of Mayor to the President of the Assembly.

"The meeting was adjourned until tomorrow at eight o'clock. (Sgd.) Felipe Dávila.—(Sgd.) Antonio Márquez Carrión.

"I, Felipe Dávila, Secretary-Auditor of the Municipality of Las Piedras, DO HEREBY CERTIFY that the foregoing is a true and faithful copy of the minutes of the meeting held by the Municipal Assembly of Las Piedras on the 7th day of August 1940. (Sgd.) Felipe Dávila."

The only case cited by the lower court to support its conclusion that the certificate was not admissible in evidence was that of *People* v. *Márquez,* 43 P.R.R. 43, in which it was held, to quote from the syllabus, that: "A certificate of the civil register which is not a true and faithful copy of the record entry of the birth of a person, if objected to, is not admissible in evidence to show the age of such person."

However, the certificate offered in evidence in said case was *an extract* (*"en relación"*) of the record of birth and not a true and faithful copy of the record itself, and was therefore, clearly inadmissible. *Mercado* v. *American Railroad Co.,* 61 P.R.R. 222.

In the case at bar, the Secretary-Auditor of the Municipality of Las Piedras certified that "the foregoing is a true and faithful copy of the minutes of the meeting held by the Municipal Assembly of Las Piedras on the 7th day of August 1940." It is true that the letter from the respondent tendering his resignation as mayor is not transcribed in the minutes, but that fact in itself does not mean that the certified copy thereof is not "a true and faithful copy" of the contents of the minutes themselves. The same reasoning applies to the fact that the resolution of the Assembly accepting the resignation is not transcribed in detail in the minutes. It was therein stated that "the resignation of the Mayor was accepted" and that "the latter forthwith relinquished the office . . . to the President of the Assembly." The certificate was clearly admissible. Whether or not the Secretary-Auditor of the Municipality failed to comply with the duties of his office by failing to set forth in the minutes the above-mentioned particulars, is a matter which can not prejudice the rights of the respondent, whose only available means to prove the facts alleged in the complaint were the recitals of the minutes of the municipal assembly. Moreover, had the original minute book been introduced in evidence, the minutes of August 7, 1940, would only have shown the same particulars set forth in the above-mentioned certified copy, for we must assume the truth of the statement of the secretary to the effect that the same was a true and faithful copy.

█ Therefore, the lower court erred in refusing to admit this evidence, and the error carries with it a reversal of the judgment, for the minutes of the municipal assembly

show that two days before the filing of the *quo warranto* petition, the respondent had already resigned as mayor, the municipal assembly had accepted his resignation, and the respondent had relinquished his office.

The judgment appealed from must be reversed and another rendered instead denying the *quo warranto* petition.